IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOOD ASSET RECOVERY, LLC, | ) |
| TAMMIE FREY, | ) |
| LAURA KINKADE, and | ) |
| MELISSA "MCMILLAN" YANKAUSKAS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

The United States of America, pursuant to 26 U.S.C. § 7401, at the direction and request of a delegate of the Attorney General of the United States, and with the authorization of a delegate of the Secretary of the Treasury, brings this civil action to collect the unpaid federal tax liabilities of Laurence A. White ("White") by obtaining a judgment that the defendant Hood Asset Recovery, LLC ("Hood") and the defendants Tammie Frey, Laura Kinkade, and Melissa "McMillan" Yankauskas, are liable for money had and received to which the United States had priority and the legal right to for its claims to be paid first pursuant to 31 U.S.C. § 3713(a). In support of its complaint, the United States alleges as follows:

### JURISDICTION AND PARTIES

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1340, and 1345 and 26 U.S.C. § 7402(a).

1

2. A substantial part of the events or omission giving rise to the claims at issue occurred in Porter County, Indiana, and concerned a certain piece of real property located at 452S 600 W, Hebron, IN 46341 (the "Property").

3. The defendant Hood is a nonresident corporation with its principal place of business and corporate headquarters at 22 W Center St #737, Orem, UT 84057.

4. The defendant Hood has conducted business and contracted to supply services in the State of Indiana. Specifically, Hood contracted with the other three defendants who resided in Indiana to receive their rights to claim excess proceeds from the sale of the Property and filed a motion in an Indiana state court to claim these proceeds.

5. The defendant Tammie Frey resides in Hebron, IN within this Court's jurisdiction.

6. The defendant Laura Kinkade resides in Hebron, IN within this Court's jurisdiction.

7. The defendant Melissa "McMillan" Yankauskas resides in Hebron, IN within this Court's jurisdiction.

### FACTS COMMON TO ALL COUNTS

8. White died intestate on November 4, 2018, owning the subject Property.

9. On October 5, 2010 – before White's death – the IRS placed Notices of Federal Tax Liens ("NFTLs") against White in Porter County, Indiana for outstanding tax liabilities.

10. These NFTLs attached to the Property, and the outstanding tax liabilities remained collectible as of the date of White's death.

11. On July 23, 2019, the defendant Tammie Frey – as heir and personal representative of White's estate – opened a probate case for White in Porter County, Indiana, in the Porter Superior Court, case number 64D02-1907-ES-007050.

12. Letters of Administration were issued on August 1, 2019, and notice of administration was issued the same day.

13. The IRS was not notified of the probate case.

14. On December 19, 2019, the defendant Tammie Frey filed a motion requesting the probate case and estate be closed for insolvency – specifically noting the federal tax liens attached to the Property in the amount of $121,364.34.

15. On December 23, 2019, the court closed the probate case based on the estate's insolvency.

16. On September 9, 2020, PNC Bank filed a foreclosure action against White's estate to enforce the mortgage on the Property in Porter County, Indiana, in the Porter Superior Court, case number 64D01-2009-MF-007144.

17. On October 2, 2020, PNC Bank improperly served the IRS with notice of the foreclosure action by mailing notice to the Department of the Treasury without sending a copy of the summons and complaint to: (1) the United States attorney for the Northern District of Indiana; (2) the civil-process clerk at the United States attorney's office; and (3) the Attorney General of the United States at Washington D.C.

18. On March 31, 2021, the Property was sold at foreclosure and generated excess proceeds in the amount of $68,135.66.

19. On January 26, 2022, the defendants Laura Kinkade and Melissa "McMillan" Yankauskas assigned their rights to recover and collect the excess proceeds from the foreclosure sale of the Property to the defendant Hood in exchange for valuable consideration.

20. On January 27, 2022, the defendant Tammie Frey assigned her rights to recover and collect the excess proceeds from the foreclosure sale of the Property to the defendant Hood for valuable consideration.

21. On April 1, 2022, the defendant Hood – as an assignee of the defendants Tammie Frey, Laura Kinkade, and Melissa "McMillan" Yankauskas – filed an amended motion for disbursement of the excess proceeds from the foreclosure sale of the Property in the amount of $68,046.55.

22. On April 1, 2022, the court granted the defendant Hood's motion for disbursement of the excess proceeds from the foreclosure sale of the Property.

23. On April 5, 2022, the clerk of the Porter County Superior Court disbursed a check in the amount of $68,046.55 to the law firm representing the defendant Hood.

24. On information and belief, the defendant Hood retained $20,413.96 from the disbursement of the excess proceeds from the foreclosure sale of the Property.

25. On information and belief, the defendants Tammie Frey, Laura Kinkade, and Melissa "McMillan" Yankauskas individually received $15,877.53 – collectively $47,632.59 – from the defendant Hood in exchange for the prior assignment of their rights to recover and collect the excess proceeds from the foreclosure sale of the Property.

26. While White's estate was in probate and his property was in the custody and control of the court, the collection statute expiration date for timely collection of White's tax liabilities was tolled.

27. The probate case was opened on July 23, 2019, and closed on December 23, 2019, thereby extending the collection statute expiration date for timely collection by 153 days plus six months, pursuant to 26 U.S.C. § 6503(b). The original collection statute expiration date was February 8, 2020, and 200 days remained in the collection statute at the time the probate case was opened on July 23, 2019. Accordingly, those same 200 days remained in the collection statute at the time the collection statute suspension was lifted on June 23, 2020. The foreclosure case was opened on September 9, 2020, and the excess proceeds from the foreclosure sale of the Property remained in the custody and control of the court until April 5, 2022, thereby extending the collection statute expiration date for timely collection by another 573 days plus six months, pursuant to 26 U.S.C. § 6503(b). At the time the foreclosure case was opened on September 9, 2020, 122 days remained in the collection statute. Those same 122 days remained in the collection statute at the time the collection statute was lifted on October 5, 2022. Thus, the collection statute expiration date is February 4, 2023, and this suit is timely commenced.

28. The balances for White's outstanding federal tax liabilities as of December 5, 2022, are as follows:

| Tax Period | Assessment Date | Balance Due as of December 5, 2022 |
|---|---|---|
| 12/31/2005 | 02/15/2010 | $64,050.78 |
| 12/31/2006 | 03/01/2010 | $26,356.47 |
| 12/31/2007 | 02/08/2010 | $18,752.33 |
| 12/31/2008 | 02/08/2010 | $21,109.55 |
| **TOTAL** | | **$130,269.13** |

## COUNT ONE – MONEY HAD AND RECEIVED
### (Claim Against Hood Asset Recovery, LLC)

29. The United States incorporates paragraphs 1 through 28 above by reference.

30. Pursuant to 31 U.S.C. § 3713(a), the United States has priority for its claims to be paid first when a debtor or debtor's estate is insolvent.

31. The United States was entitled to be paid for its claims against White and his estate to satisfy the outstanding federal tax liabilities referenced in paragraph 28 above, before any payments were made to any other claimants or heirs.

32. The United States was therefore entitled to the entire excess proceeds from the foreclosure sale of the Property in the amount of $68,046.55.

33. The defendant Hood was assigned the rights to recover and collect the excess proceeds from the foreclosure sale of the Property to which the United States had greater priority to have its claims paid first over the assignors pursuant to 31 U.S.C. § 3713(a)

34. The defendant Hood received $20,413.96 from the excess proceeds from the foreclosure sale of the Property when the United States had priority to have its claims paid first pursuant to 31 U.S.C. § 3713(a).

35. In equity and good conscience, the defendant Hood should not have received money from the excess proceeds from the foreclosure sale of the Property to which the United States had a legal right by the priority it is given pursuant to 31 U.S.C. § 3713(a).

36. The defendant Hood is liable to the United States for the $20,413.96 received from the disbursement of the excess proceeds from the foreclosure sale of the Property.

## COUNT TWO – MONEY HAD AND RECEIVED
### (Claim Against Tammie Frey, Laura Kinkade, and Melissa "McMillan" Yankauskas)

37. The United States incorporates paragraphs 1 through 36 above by reference.

6

38. Pursuant to 31 U.S.C. 3713(a) the United States has priority for its claims to be paid first when a debtor or debtor's estate is insolvent.

39. The United States was entitled to be paid for its claims against White and his estate to satisfy the outstanding federal tax liabilities referenced in paragraph 28 above, before any payments were made to any other claimants or heirs.

40. The United States was therefore entitled to the entire excess proceeds of the foreclosure sale of the Property in the amount of $68,046.55.

41. The defendants Tammie Frey, Laura Kinkade, and Melissa "McMillan" Yankauskas assigned their rights to recover and collect the excess proceeds from the foreclosure sale of the Property to which the United States had greater priority to have its claims paid first pursuant to 31 U.S.C. § 3713(a).

42. The defendants Tammie Frey, Laura Kinkade, and Melissa "McMillan" Yankauskas each received $15,877.53 – collectively $47,632.59 – from the defendant Hood in exchange for assignment of their rights to recover and collect the excess proceeds from the foreclosure sale of the Property.

43. In equity and good conscience, the defendants Tammie Frey, Laura Kinkade, and Melissa "McMillan" Yankauskas, should not have retained the individual $15,877.53 that they each received from assigning their rights to recover and collect the excess proceeds from the foreclosure sale of the Property, to which the United States had a legal right by the priority it is given pursuant to 31 U.S.C. § 3713(a).

44. The defendants Tammie Frey, Laura Kinkade, and Melissa "McMillan" Yankauskas are each individually liable to the United States in the amount of $15,877.53 they

received for assignment of their rights to recover and collect the excess proceeds from the foreclosure sale of the Property to the defendant Hood.

WHEREFORE, the plaintiff United States requests that this Court:

(1) On Count I, enter a judgment in favor of the United States and against the defendant Hood Asset Recovery, LLC for money had and received in the amount of $20,413.96.

(2) On Count II, enter a judgment in favor of the United States against the defendants Tammie Frey, Laura Kinkade, and Melissa "McMillan" Yankauskas for $15,877.53 each for money had and received.

(3) Award the United States its costs and such further relief as the Court deems just and proper.

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Curtis C. Paul*
CURTIS C. PAUL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-892-0241 (v)
202-514-5238 (f)
Curtis.Paul@usdoj.gov

Of Counsel:

Clifford D. Johnson
United States Attorney